**Robert William HERN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 107–94.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1994.

K. Ming Roschke, court appointed, College Station, for appellant.

Bill Turner, Dist. Atty. & Glynis McDaniel & Kyle Davis, Asst. Dist. Attys., Bryan, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

WHITE, Judge.

Under a somewhat unique set of facts, appellant brings a double jeopardy challenge to the State's attempt to retry him for an offense to which he pled guilty and the validity of which he has never challenged.

On July 10, 1992, appellant pled guilty to an indictment charging him with theft of a

firearm over $400.00, a third degree felony. See V.T.C.A., Penal Code § 31.03(e)(4)(C). The indictment did not contain any enhancement allegations,[1] but the trial court erroneously admonished appellant on the range of punishment for a second degree felony, stating the range of punishment for the offense was not more than twenty years and not less than two years. The court noted that the plea agreement was for an agreed punishment of twenty years. The plea agreement was accepted by the trial court. In that agreement after the charged offense was listed, the additional phrase "W/—ONE ENH" was crossed out and the "TWO" OF THE "TWENTY TWO YEARS CONFINEMENT" was crossed out. The trial court found appellant guilty of theft of a firearm over $400.00 and sentenced him to confinement for twenty years.

On July 24, 1992, the trial court, on its own motion and over appellant's objections, granted a new trial. On August 11, 1992, the State again reindicted appellant for the same offense under the same cause number as the other two indictments, this time including four enhancement allegations.

On September 9, 1992, after a hearing, the trial court denied appellant's special plea of double jeopardy, motion to reconsider the trial court's sua sponte order granting a new trial, and application for writ of habeas corpus based on double jeopardy claims. The trial court stated that the range of punishment it had initially recited was incorrect and the judgment for that case was void. For that reason the trial court had ordered a new trial. Appellant appealed the denial of the application for writ of habeas corpus.

The Court of Appeals affirmed the trial court's denial of habeas corpus relief. *Hern v. State,* 862 S.W.2d 179 (Tex.App.—Houston

[1st] 1993) (opinion on rehearing). The Court of Appeals approved of the new trial order, stating the original sentence was void and the trial court's only alternative was to withdraw appellant's guilty plea. The court cited *Shannon v. State,* 708 S.W.2d 850 (Tex. Cr.App.1986), and *Heath v. State,* 817 S.W.2d 335 (Tex.Cr.App.1991). Finally, the Court of Appeals held that when a defendant successfully repudiates a plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, no double jeopardy violation occurs by restoring the parties to the position that existed prior to the plea bargain. According to the court, such repudiation occurred because appellant argued in his brief that not only should the original conviction be left intact because he had not challenged it, but also that the trial court should only be permitted to reassess punishment for the third degree felony to which he actually pled guilty.

While we agree with the Court of Appeals' denial of relief on this double jeopardy claim, we disagree with the court's reasoning. In a case procedurally similar, we discussed reprosecution and the setting aside of a void conviction. In *Hoang v. State,* 872 S.W.2d 694 (Tex.Cr.App.1993), we upheld the reindictment, reprosecution and conviction of a defendant for several aggravated robberies even though the prior convictions for those same offenses had not been challenged or set aside.[2] *Hoang* was convicted of four separate aggravated robberies. After several years he challenged one of those four convictions by a post-conviction application for writ of habeas corpus. See Article 11.07, § 2, V.A.C.C.P. This Court granted relief from that conviction based on Hoang's showing that his confinement was illegal because he was under 17 years of age when he committed the offense and had not been certified for trial as an adult.

---

**1.** Included in the record is a reindictment of appellant for the same charged offense, dated July 9, 1992, the day before the plea proceeding. That indictment, with the same cause number as the original, was filed with the clerk and contains an enhancement paragraph which would make the punishment that of a second degree felony under V.T.C.A., Penal Code § 12.42(a).

However, as is apparent from the statement of facts, the parties did not proceed on that indictment.

**2.** *Hoang* had not been decided at the time the Court of Appeals issued its opinion in the instant case.

After this one conviction had been set aside, the State petitioned the juvenile court to waive its jurisdiction of Hoang in all four of the aggravated robbery cases. The court did so and Hoang was reinducted for all four cases. He challenged the reprosecution on double jeopardy grounds.

This Court stated that although the trial court had no authority to set aside the void convictions because they were final felony convictions over which only this Court had jurisdiction under Art. 11.07, §§ 2 & 3, it certainly could determine the validity of those convictions in the context of Hoang's double jeopardy claim. We held that "a void conviction need not be respected, even absent an order setting it aside"; reprosecution was not barred even though the trial court could not set the conviction aside. *Hoang*, 872 S.W.2d at 698.

In the instant case appellant's conviction was void because the sentence exceeded the maximum allowed for a third degree felony, of which he had been convicted. See V.T.C.A., Penal Code § 12.34; see *Heath*, 817 S.W.2d 335. In both *Heath* and *Shannon*, cited by the Court of Appeals, the defendant initially challenged the void conviction. In the instant case appellant did not challenge the conviction so the trial court had no authority to sua sponte order a new trial. See Tex.R.App.Pro. 30 and 33; *Ex parte Ybarra*, 629 S.W.2d 943 (Tex.Cr.App.1982); *Zaragosa v. State*, 588 S.W.2d 322 (Tex.Cr.App.1979); and *Ramirez v. State*, 587 S.W.2d 144 (Tex.Cr.App.1979). For that reason the Court of Appeals' reliance on *Shannon* is misplaced. In the instant case appellant never challenged the original conviction. Further, we disagree that appellant challenged the conviction by suggesting in his appellate brief that the cause be remanded for resentencing. The application merely challenged the reprosecution and did not attack the void conviction. The trial court had no authority to set it aside.

Therefore, the Court of Appeals was incorrect in approving the trial court's order of a new trial under *Shannon*. But, in accord with *Hoang*, the State can reindict and reprosecute appellant for the same offense for which he has already been convicted because the first conviction is void. Accordingly, the judgment of the Court of Appeals affirming the trial court's denial of habeas corpus relief on double jeopardy grounds is correct. The judgment is affirmed.

CLINTON, J., concurs in the result.

CAMPBELL, J., not participating.

BAIRD, Judge, concurring.

The majority correctly holds that appellant's sentence was void because the punishment was not authorized by law. However, that fact alone does not defeat appellant's jeopardy claim. In this case, the original sentence of twenty years was the result of a plea bargain agreement. When a sentence not authorized by law is derived through a plea bargain agreement, the proper remedy is to return the parties to their original positions. *Heath v. State*, 817 S.W.2d 335, 337 (Tex.Cr.App.1991) (citing *Shannon v. State*, 708 S.W.2d 850 (Tex.Cr.App.1986)). *Cf.*, *Levy v. State*, 818 S.W.2d 801, 803 (Tex.Cr.App.1991) (Where defendant pleads guilty without the benefit of a plea bargain agreement and receives a sentence not authorized by law, the appropriate remedy is to allow the finding of guilt to remain and to remand the case to the trial court for the proper assessment of punishment.). Since the parties are returned to their original positions, jeopardy has not attached. This was the rationale used by the Court of Appeals in holding the prosecution of appellant was not jeopardy barred. *Hern v. State*, 862 S.W.2d 179 (Tex.App.—Houston [1st Dist.] 1993).

My disagreement with the majority springs from its reliance on *Hoang v. State*, 872 S.W.2d 694 (Tex.Cr.App.1993). *Hoang* is inapposite because there the judgments were void because the trial court rendering judgment lacked jurisdiction. *Id.*, 872 S.W.2d at 698. Whereas in the instant case, the trial court had jurisdiction, the infirmity only related to the sentence imposed. Consequent-

ly, I believe this case should be decided, and the judgment of the Court of Appeals affirmed, on the basis of *Heath* and *Shannon. Hern,* 862 S.W.2d at 181.

With these comments, I join the judgment only.

OVERSTREET, J., joins this opinion.