Scott Arthur EDWARDS, Appellant,

v.

The STATE of Texas, State.

No. 2–00–492–CR.

Court of Appeals of Texas, Fort Worth.

May 8, 2003.

Leon Haley, Jr., Richard Alley, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, C. James Gibson, Robin McCarty, Assistant Criminal District Attorneys, Fort Worth, for State.

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### BACKGROUND

Appellant pled *nolo contendere* to indecent exposure on October 26, 1999. Pursuant to a plea bargain between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on community supervision for two years. On May 16, 2000, the State moved for an adjudication of guilt, alleging that Appellant had failed to participate in a sex offenders' program as ordered by the trial court. Appellant pled not true to the allegation. After presentation of evidence on the matter, the trial court found that the allegation was true, found Appellant guilty of indecent exposure, and sentenced him to 270 days in jail. This sentence was illegal because it exceeded the statutory maximum sentence of 180 days' confinement.[1]

Appellant filed a *pro se* notice of appeal. Appellant's appointed attorney filed an *Anders* brief in this Court and moved to withdraw, and this Court abated the appeal to allow for the appointment of new

---

1. *Hern v. State,* 892 S.W.2d 894, 896 (Tex. Crim.App.1994); *see* TEX. PENAL CODE ANN. § 21.08(b) (Vernon 2003) (providing that the offense is a class B misdemeanor); *id.* § 12.22(2) (providing that maximum confinement for a class B misdemeanor is 180 days).

counsel. At the abatement hearing, the trial court sought to correct its earlier judgment and changed Appellant's sentence to 180 days in jail.

## LEGAL ANALYSIS

Appellant brings five points on appeal, arguing that the trial court reversibly erred in sentencing him nunc pro tunc in absentia (points one and two); that he was denied effective assistance of counsel at punishment and at the abatement hearing (points three, four, and five); and that he was denied due process of law at punishment and at the abatement hearing (points three, four, and five). We reverse and remand the case for a new hearing on punishment.

## ILLEGAL SENTENCE

In his first and second points, Appellant complains that the imposition of the illegal sentence was reversible error. He further complains that the nunc pro tunc order could not lawfully correct his illegal sentence. Additionally, he complains that the corrected sentence was imposed in his absence, violating article 32.14 of the Texas Code of Criminal Procedure.

The State concedes that the trial court could not lawfully correct the illegal sentence originally imposed through a nunc pro tunc order. The State argues that this court should either reform Appellant's sentence to reflect the true maximum of 180 days in jail or that the case should be remanded to the trial court for a new punishment hearing only.

When punishment pursuant to a negotiated plea bargain agreement exceeds the statutory maximum, the proper relief is to return the parties to their respective positions before the guilty plea was entered; that is, void the conviction.[2] But the State argues that the case before us is different, and that voiding Appellant's conviction is not the appropriate remedy. The State argues that although there was a plea bargain for deferred adjudication, "[t]he sentence that Appellant received after his adjudication was not the result of a plea bargain." That is, the State argues that the case now before us is not a plea-bargained case because the plea bargain was completed when the trial court granted deferred adjudication community supervision.

We agree with the State's position. Unlike plea bargains resulting in regular community supervision, which limit the maximum sentence imposed after revocation to that imposed when community supervision was granted, the plea bargain that results in deferred adjudication community supervision is completed at the time the defendant is placed on deferred adjudication community supervision.[3] The entire range of punishment remains open to the trial judge after adjudication.[4] Consequently, the plea bargain in the case before us did not encompass the adjudication and sentence. We therefore hold that because the illegal sentence of 270 days

**2.** *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim.App.1996); *Ex parte Miller*, 921 S.W.2d 239, 239 (Tex.Crim.App.1996); *Ex parte Trahan*, 781 S.W.2d 291, 293 (Tex.Crim.App. 1989).

**3.** *Vidaurri v. State*, 49 S.W.3d 880, 887–88 (Tex.Crim.App.2001) (Womack, J., concurring).

**4.** *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim.App.2002); *Vidaurri*, 49 S.W.3d at 885; *Watson v. State*, 924 S.W.2d 711, 714 (Tex. Crim.App.1996).

was not the result of a plea bargain, voiding Appellant's conviction and sentence is not the appropriate remedy. The rule is well established that when reversible error occurs in the punishment phase of the trial, an appellant is entitled to a new hearing on punishment only.[5]

### SENTENCE IN ABSENTIA

Appellant also complains that the new sentence was entered in his absence. An appellant convicted of a misdemeanor for which the maximum punishment is confinement must be present at sentencing.[6] The trial court thus erred by imposing sentence in Appellant's absence. We sustain Appellant's first and second points on appeal.

### CONCLUSION

Because of our disposition of these points, we do not reach Appellant's remaining points on appeal.[7] Accordingly, we reverse the trial court's judgment on punishment and remand this case to the trial court with instructions to conduct a new punishment hearing.

---

5. TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2003); *Rent v. State,* 982 S.W.2d 382, 385–86 (Tex.Crim.App.1998); *Grimes v. State,* 807 S.W.2d 582, 587–88 (Tex.Crim.App. 1991).

6. *Millman v. State,* 487 S.W.2d 750, 752 (Tex. Crim.App.1972).

7. *See* TEX.R.APP. P. 47.1.