In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



 NO. 09-06-003 CR


 NO. 09-06-004 CR


____________________



JASON MICHAEL SIMONEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 83608 and 83609






MEMORANDUM OPINION


 In this appeal, we reverse the trial court's judgments on punishment in two related
cases and remand the cases to the trial court for new sentencing hearings.

 Two indictments charged Jason Michael Simoneaux with endangering a child by
"intentionally, knowingly, and recklessly engag[ing] in conduct that placed . . . a child
younger than fifteen years of age in imminent danger of death and bodily injury, by driving
while [i]ntoxicated with [the child] as a passenger[.]" In each case, the trial court
admonished Simoneaux that the offense was a second degree felony. In accordance with the
plea bargain agreements, the trial court deferred adjudication of guilt and placed Simoneaux
on community supervision for five years. The State subsequently moved to adjudicate. 
Simoneaux pled true to violating the terms of the community supervision order by
committing criminal offenses of failure to stop and give required information and driving
while intoxicated. The trial court proceeded with an adjudication of guilt and sentenced
Simoneaux to concurrent eighteen year terms of confinement. 

 On appeal, Simoneaux contends for the first time that the offenses for which he has
been convicted are punishable as state jail felonies, not second degree felonies. The State
concedes error. The offenses alleged in the indictments describe endangering a child under
Penal Code Section 22.041(c). Tex. Pen. Code Ann. § 22.041(c) (Vernon Supp. 2005) ("A
person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act or omission, engages in conduct that places a child younger than 15 years
in imminent danger of death, bodily injury, or physical or mental impairment."). An offense
under Section 22.041(c) is a state jail felony. Tex. Pen. Code Ann. § 22.041(f) (Vernon
Supp. 2005). The sentences exceed the maximum penalty allowed by the applicable statute. 
Tex. Pen. Code Ann. § 12.35 (Vernon 2003). A sentence outside the range applicable to
the offense is void. Hern v. State, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994). The error
is not subject to procedural default. See Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim.
App. 2003); Heath v. State, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991), overruled on other
grounds by Ex parte Williams, 65 S.W.3d 656 (Tex. Crim. App. 2001). 

 Accordingly, we reverse the trial court's judgments on punishment and remand the
cases to the trial court with instructions to conduct a new punishment hearing. See Edwards
v. State, 106 S.W.3d 377, 380 (Tex. App.--Fort Worth 2003, no pet.); Tex. Code Crim.
Proc. Ann. art. 44.29(b) (Vernon Supp. 2005). 

 REVERSED AND REMANDED AS TO PUNISHMENT. 


 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on May 15, 2006

Opinion Delivered May 31, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.