James Dewayne CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–05–307 CR.

Court of Appeals of Texas,
Beaumont.

Submitted April 12, 2006.

Decided June 14, 2006.

Kevin Laine, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for state.

Before McKEITHEN, C.J.,
GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

James Dewayne Carter pled guilty to engaging in organized criminal activity. TEX. PEN.CODE ANN. § 71.02 (Vernon Supp.

2005).[1] Carter violated the terms of his deferred adjudication, and the trial court sentenced him to ten years in prison. *See* TEX. PEN.CODE ANN. § 12.34 (Vernon 2003). On appeal, Carter complains that his sentence should have been a maximum of two years in prison under section 71.02(c) of the Penal Code. TEX. PEN.CODE ANN. § 71.02 (Vernon Supp.2005). Carter asserts that the indictment to which he pled guilty was for engaging in organized criminal activity by conspiring to commit forgery, a state jail felony.[2]

■ We hold that Carter's indictment alleges a violation of the statute for organized criminal activity and alleges that Carter both conspired to commit, and committed, forgery. When a person both conspires and commits the criminal act, the statute increases the penalty for the offense by one level. TEX. PEN.CODE ANN. § 71.02(b) (Vernon Supp.2005). Because Carter pled guilty to both conspiring to commit and to committing forgery, the statute enhances the applicable punishment to that of a third degree felony. *Id.* Therefore, the trial court committed no error in sentencing Carter to ten years in prison. TEX. PEN.CODE ANN. § 12.34.

## BACKGROUND

The grand jury indicted James Dewayne Carter for engaging in organized criminal activity. *See* TEX. PEN.CODE ANN. § 71.02 (Vernon Supp.2005). The indictment, in pertinent part, states that Carter:

> ... did then and there with the intent to establish, maintain, and participate in a combination and in the profits of a combination, collaborate in carrying on criminal activities by conspiring to commit the offense of forgery, and the Defendant did then and there agree with STEPHANIE BROOK BEAUMONT and CHARLOTTE JEAN BARTHELL that they would engage in conduct that would constitute said offense, and JAMES DEWAYNE CARTER did perform an overt act in pursuance of the agreement, by forging a credit account receipt, AGAINST THE PEACE AND DIGNITY OF THE STATE.

Section 71.02 penalizes both persons who conspire to commit certain crimes, and those persons that conspire and commit certain crimes. *See* TEX. PEN.CODE ANN. § 71.02(a) (Vernon Supp.2005).[3] The statute provides that the punishment for conspiracy to commit forgery is the same as that for forgery. *See* TEX. PEN.CODE ANN. § 71.02(c) (Vernon Supp.2005). However, when a defendant commits the underlying crime, in this case forgery, in combination with two or more other persons, the defen-

---

1. The indictment alleged that the offense occurred on March 24, 2003. Although the legislature amended the organized criminal activity statute after the commission of the alleged offense, there were no changes in the section relevant to our analysis of this appeal. *Compare* Act of May 26, 1999, 76th Leg., R.S., ch. 685, § 8, 1999 Tex. Gen. Laws 3256, 3258 *with* current version at TEX. PEN.CODE ANN. § 71.02 (Vernon Supp.2005). Therefore, citations are to the current version of the statute.

2. Although the forgery statute was amended after the commission of the alleged offense, there were no changes in the section relevant to our analysis of this appeal. *Compare* Act of May 10, 1997, 75th Leg., R.S. ch. 189, § 1,

1997 Tex. Gen. Laws 1045, 1058 *with* current version at TEX. PEN.CODE ANN. § 32.21(d) (Vernon Supp.2005); *see also* TEX. PEN.CODE ANN. § 71.02(c) (Vernon Supp.2005); TEX. PEN.CODE ANN. § 12.35 (Vernon 2003).

3. The relevant portion of the statute provides that "A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following: (1) ... forgery...." TEX. PEN.CODE ANN. § 71.02(a)(1) (Vernon Supp.2005).

dant's punishment is one category higher than the punishment for the underlying offense. *See* TEX. PEN.CODE ANN. § 71.02(b) (Vernon Supp.2005). In this case, the section that raises the applicable penalty by one level states:

> (b) Except as provided in Subsections (c) and (d), an offense under this section is one category higher than the most serious offense listed in Subsection (a) that was committed, and if the most serious offense is a Class A misdemeanor, the offense is a state jail felony, except that if the most serious offense is a felony of the first degree, the offense is a felony of the first degree.

*Id.*

In January 2004 Carter signed a written plea admonishment. The admonishment contains language that informed Carter he was charged with a third degree felony. The admonishment also advised Carter that the range of punishment was a term of not more than ten years or less than two years in prison, and a fine not to exceed $10,000.

The State made an agreed punishment recommendation for deferred adjudication. Carter pled guilty. The pre-sentence investigation report likewise mentions that Carter "committed the Third (3rd) Degree Felony offense of Engaging in Organized Criminal Activity." In March 2004 the trial court entered a deferred adjudication order.

In April 2005 Carter pled guilty to violating one term of his deferred adjudication. In June 2005 the trial court revoked Carter's community supervision, found him guilty, and sentenced him to ten years' confinement in the Institutional Division.

In July 2005 Carter filed a notice of appeal. The trial court initially certified that this was a plea-bargain case and that Carter had no right of appeal. After re-ceiving the record, and in light of the trial court's certification order, we abated the case for the trial court to clarify its certification regarding Carter's right of appeal. We noted in our written order that following adjudication, a defendant who plea bargains for deferred adjudication may appeal only issues unrelated to the decision to adjudicate. *Vidaurri v. State*, 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001).

■ The trial court then amended its certification to reflect Carter's limited right to appeal. The amended certification states that "for issues limited to the procedure by which the defendant was sentenced, this is not a plea bargain case and the defendant has a right of appeal." We perceive Carter's appellate issue as claiming that the indictment did not permit the trial court to sentence him to ten years in prison, an issue unrelated to the decision to adjudicate. Therefore, we review Carter's complaint. *Id.; Hargesheimer v. State*, 182 S.W.3d 906 (Tex.Crim.App. 2006).

## DISCUSSION

On appeal, and for the first time, Carter argues that the trial court had no jurisdiction to sentence him to ten years for the offense alleged in the indictment. Carter contends that the indictment alleges only a conspiracy to commit a forgery, which is punishable as a state jail felony.

■ With respect to Carter's argument that the trial court did not have jurisdiction, we disagree. In general, a trial court has jurisdiction over a case when the indictment comes from a grand jury, charges an offense, and is facially an indictment. *Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex.Crim.App.1990). Carter does not contend that the indictment fails to charge him with some offense; rather, he acknowledges that the indictment charges him with conspiring to engage in

organized criminal activity. All the law requires to vest the trial court with jurisdiction is that the indictment charge a person with an offense. *Cook v. State*, 902 S.W.2d 471, 480 (Tex.Crim.App.1995). Since the indictment alleges Carter committed an offense, the trial court had jurisdiction.

 Although Carter bases his complaint on jurisdiction, his issue also indicates his intention to assert that the trial court had no authority to sentence him to a term that is longer than the applicable statute allows. Tex.R.App. P. 38.1(e). A sentence cannot exceed the maximum statutory penalty, and if it does so, the sentence is void. *Hern v. State*, 892 S.W.2d 894, 896 (Tex.Crim.App.1994). Without having objected to the indictment, a convicted defendant may raise, for the first time on appeal, the argument that his punishment is outside the statutory range for the crime for which he is convicted. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim.App.2003).

At issue here is the statute penalizing organized criminal activity. A defendant can violate this statute in more than one way. If the defendant conspires with a combination of others to commit certain listed offenses, he violates the statute. If the defendant conspires with a combination of others *and* actually commits one of the listed offenses, he also violates the statute.

When an offense may be committed in more than one way, the indictment may allege alternate methods of committing the offense. *Martinez v. State*, 498 S.W.2d 938, 943 (Tex.Crim.App.1973). An indictment may also allege differing methods of committing the offense, such as organized criminal activity, in the conjunctive. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991).

The State alleged that Carter conspired with a combination of others to commit forgery and that he committed forgery. The indictment alleges an offense in conjunctive terms and is sufficient to enable a person of common understanding to know what is meant, to give notice of the offense charged, and to enable the court, on conviction, to pronounce the proper judgment. Tex.Code Crim. Proc. Ann. art. 21.11 (Vernon 1989). Because violating the statute under these circumstances raises the applicable punishment for the offense to a third degree felony, Carter's sentence is permissible. Carter's issue is overruled.

AFFIRMED.