In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-05-069 CR


______________________


 

GREGORY WESTBROOKS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 84528 






MEMORANDUM OPINION


 Pursuant to a plea agreement, Gregory Westbrooks pled guilty to the offense of
indecency with a child by exposure. See Tex. Pen. Code Ann. § 21.11(a)(2) (Vernon 2003). 
The trial court accepted the guilty plea and, in accordance with the plea agreement, deferred
a finding of guilt. The court placed Westbrooks on deferred adjudication probation for four
years and assessed a $1,000 fine. The State filed a "Motion to Revoke Unadjudicated
Probation" on the grounds that Westbrooks violated the terms of his probation. The trial
court held a hearing on the motion and Westbrooks pled "true" to counts one, two, and five
of the State's motion. After presentation of evidence, the trial court found counts one, two,
and five to be true. The court revoked probation, found Westbrooks guilty of indecency with
a child by exposure, and assessed punishment at twenty years of confinement in the
Institutional Division of the Texas Department of Criminal Justice. The trial court certified
Westbrooks's right to appeal.

 Westbrooks asserts the trial court's imposition of a twenty-year sentence exceeds the
statutory range of punishment for the offense of indecency with a child by exposure. 
Appellant also argues the court's judgment incorrectly found him guilty of indecency with
a child by contact, a second degree felony. The State concedes the trial court's sentence is
outside the range of punishment and was error. The State further concedes the court's
judgment erroneously states appellant was convicted of indecency with a child by contact. 

 A sentence that exceeds the maximum punishment provided by statute is unauthorized
by law and therefore illegal. Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). 
"[A] party is not required to make a contemporaneous objection to the imposition of an
illegal sentence." Id. at 806 n.6; see also Carter v. State, 196 S.W.3d 406, 409 (Tex. App.--Beaumont 2006, no pet.).

 In open court, the trial court found Westbrooks guilty of indecency with a child by
exposure and revoked his unadjudicated probation. This offense is a third degree felony. See
Tex. Pen. Code Ann. § 21.11(d) (Vernon 2003). The Legislature has set the punishment
range for the offense at not more than ten years or less than two years in the institutional
division. See Tex. Pen. Code. Ann. § 12.34(a) (Vernon 2003). The trial court's sentence
is outside the punishment range allowed for the offense. The court's judgment also
erroneously lists the offense as indecency with a child under Tex. Pen. Code Ann. §
21.11(a)(1). Issues one and two are sustained. 

 Both Westbrooks and the State ask this Court to reform the trial court's judgment
adjudicating guilt and remand the cause to the trial court for assessment of punishment in
conformity with the punishment range for a third degree felony. The trial court's judgment
is therefore reformed to reflect the offense to which Westbrooks pled and was adjudicated
guilty: the offense of indecency with a child by exposure under Tex. Pen. Code Ann. § 
21.11(a)(2). The case is remanded to the trial court for a new punishment hearing only. See
Young v. State, 922 S.W.2d 676, 678 (Tex. App.--Beaumont 1996, pet. ref'd); see also Tex.
Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2006).

 REFORMED, AND AS REFORMED, AFFIRMED IN PART; REMANDED IN
PART FOR PUNISHMENT ONLY. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 25, 2006

Opinion Delivered January 10, 2007

Do Not Publish


Before Gaultney, Kreger and Horton, J.J.