Opinion issued
March 10, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00315-CR

———————————

FRAZIER PORTER, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the 263rd District Court 

Harris County, Texas



Trial
Court Case No. 1243911

 



 

MEMORANDUM  OPINION

          A
jury found appellant, Frazier Porter, guilty of the offense of possession with
intent to deliver a controlled substance, namely, hydrocodone, weighing at least
400 grams by aggregate weight, including adulterants and dilutants.[1]  The trial court assessed punishment, enhanced
by two previous felony convictions, at 30 years in prison.  The trial court did not assess a fine as
statutorily required.[2]  On appeal, appellant challenges the sufficiency
of the evidence to support his conviction in one issue.  

We affirm the trial court’s
judgment with respect to appellant’s conviction, reverse the portion of the
judgment assessing punishment, and remand the case to the trial court for a new
sentencing hearing to assess punishment within the applicable punishment range.
 See
Tex. R. App. P. 43.2(d); Tex. Code Crim. Proc. art. 44.29(b)
(Vernon Supp. 2010).

Background

Officers M. Lopez and C.
Cantu, who were assigned to the Houston Police Department’s Special
Investigations Narcotics Division, set up a surveillance of a motel, the Red Carpet
Inn, located at 6161 Gulf Freeway in Harris, County.  As part of the investigation, the officers
learned that appellant, Frazier Porter, was staying in Room 117.  Eventually, the officers saw a man leave the
room and drive away in car with Alabama license plates.  The officers checked the plate numbers and
determined that the vehicle had been reported stolen.  

The officers called for a
marked patrol car to stop the vehicle.  During
the stop, the driver was identified as Derick Rhone.  It was also determined that the vehicle
belonged to appellant and had been reported stolen by him.  Officers Lopez and Cantu went to Room 117 and
spoke to appellant.  They learned that
appellant had forgotten to report that his vehicle had been recovered.  

When the officers asked to
search Room 117, appellant consented to the search.  Appellant told the officers that he was the
sole occupant of the room.  Scattered on
the bed, the officers found 25 prescription bottles containing medication and
two empty prescription medicine bottles. 
Fifteen of the bottles indicated that the medication had been prescribed
to appellant; the remaining ten indicated that they had been prescribed to Rhone
or to other individuals.  Appellant told
the officers that he was very ill and had traveled from his native Alabama to
fill his prescriptions because they were cheaper to fill in Houston.

          The
officers took appellant to the police station to interview him.  The officers considered appellant to be under
arrest.  Before the interview, appellant
was given the required statutory warnings.  

          Appellant
signed a written statement in which he disclosed the true purpose of his trip
to Houston.  Appellant stated that a
person named Chris Mann had paid him and Rhone to travel from Alabama to
Houston to recruit homeless people to go to the doctor, obtain prescriptions
for certain medications, and fill them.  Appellant would then mail the medication to
himself or to Mann in Alabama.  Mann paid
appellant $600 to $700 per trip.  Appellant
stated that he had made 15–20 trips that year to Houston and, during that time
he had mailed 50 packages of medications to his address or Mann’s address in
Alabama.  

Appellant also stated that
he had sent one package to his address and one to Mann’s address the day before
through the United States Postal Service. 
He said that each package contained about 1500 pills.  Appellant also gave his permission to the
authorities to intercept and open the packages. 
Because they did not have enough evidence to charge him with an offense
at that time, the officers released appellant after he gave his written
statement.

Officer Lopez contacted Special
Agent M. McClaid, with the United States Postal Inspection Service, regarding
the packages mailed to Alabama.  Agent
McClaid contacted fellow agents in Alabama, who intercepted the package addressed
to appellant’s Alabama address.  The
return address on the package included appellant’s name with the Houston address
for the Red Carpet Inn.  

The package was transferred
to Agent McClaid.  When he opened the
package, Agent McClaid found five smaller packages containing pills.  In total, Agent McClaid recovered 860 pills
from the intercepted package.  Agent
McClaid then transferred the pills to Officer Lopez.  

The pills were turned over
to a criminalist with the Houston Police Department, who conducted tests on the
substances.  The combined weight of the
pills the criminologist received was 488.4 grams.  The tests concluded that the pills contained
dihydrocodeinone, which the criminologist testifed is hydrocodone and acetaminophen.  Based on the narcotics recovered by the
postal inspector’s office, appellant was charged with possession with intent to
deliver a controlled substance, namely, hydrocodone, weighing at least 400
grams.  The indictment also contained two
felony enhancement allegations.  

At trial, the State
presented the testimony of Officers Lopez and Cantu, Agent McClaid, and the
criminologist.  The State also admitted
into evidence appellant’s written statement in which he admitted that he was
paid by Mann to travel to Texas to recruit homeless people to obtain
prescription medication, which he then shipped back to Alabama.  

The jury found appellant
guilty of the primary offense charged in the indictment.  Appellant agreed to be sentenced by the trial
court.  During the sentencing phase,
appellant stipulated to evidence supporting the enhancement allegations.  At the end of the punishment hearing, the
trial court sentenced appellant to 30 years in prison, but did not assess a monetary
fine.  

This appeal followed.  In one issue, appellant contends that the
evidence is insufficient to support his conviction.  Specifically, appellant contends that the
State presented no evidence regarding the appellant’s intent to deliver the
hydrocodone, an element of the charged offense. 
See Tex. Health &
Safety Code Ann. §§ 481.102(3), 481.112(a),(f) (Vernon 2010).

A.      Standard of Review

This Court reviews
sufficiency-of-the-evidence challenges applying the same standard of review,
regardless of whether an appellant presents the challenge as a legal or a
factual sufficiency challenge.  See Ervin v. State, No. 01-10-00054-CR,
2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed)
(construing majority holding of Brooks v.
State, 323 S.W.3d 893 (Tex. Crim. App. 2010)).  This standard of review is the standard
enunciated in Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  See id.
 Pursuant to this standard, evidence is
insufficient to support a conviction if, considering all the record evidence in
the light most favorable to the verdict, no rational fact finder could have
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; In re Winship, 397 U.S. 358, 361, 90 S. Ct.
1068, 1071 (1970); Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  We can hold evidence to be insufficient under
the Jackson standard in two
circumstances: (1) the record contains no evidence, or merely a “modicum” of
evidence, probative of an element of the offense, or (2) the evidence
conclusively establishes a reasonable doubt.  See Jackson,
443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 n. 11, 2789; see also Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.

The
sufficiency-of-the-evidence standard gives full play to the responsibility of
the fact finder to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  An appellate court presumes that the fact
finder resolved any conflicts in the evidence in favor of the verdict and
defers to that resolution, provided that the resolution is rational.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Clayton,
235 S.W.3d at 778.  Finally, the
“cumulative force” of all the circumstantial evidence can be sufficient for a
jury to find the accused guilty beyond a reasonable doubt.  See
Powell v. State, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

 

B.      Elements of the Offense and Pertinent
Legal Principles

Here, the State was required
to show that appellant possessed a controlled substance, namely, hydrocodone,
weighing at least 400 grams by aggregate weight, including adulterants and
dilutants, with the intent to deliver it.  See Tex. Health & Safety Code Ann. §§ 481.102(3),
481.112(a),(f).  “To prove
possession, the State must show the accused (1) exercised control, management,
or care over the contraband and (2) knew the substance possessed was
contraband.  Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Roberts v. State, 321 S.W.3d 545, 548
(Tex. App.—Houston [14th Dist.] 2010, pet. ref’d).  Possession may be proved through either
direct or circumstantial evidence.  Poindexter v. State, 153 S.W.3d 402, 405–406
(Tex. Crim. App. 2005); see also Rice v. State, 195 S.W.3d 876, 881 (Tex.
App.—Dallas 2006, pet. ref’d)
(stating jury could infer knowing or intentional possession of contraband).  

The term “deliver” means to
transfer, actually or constructively, a controlled substance to another.  Tex.
Health & Safety Code Ann. § 481.002(8) (Vernon 2010).  Intent to deliver a controlled substance can
be proven by circumstantial evidence, including evidence that an accused
possessed the contraband.  Moreno v. State, 195 S.W.3d 321, 325
(Tex. App.—Houston
[14th Dist.] 2006, pet. ref’d); (citing Patterson
v. State, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.); Mack v. State, 859 S.W.2d 526, 528 (Tex. App.—Houston [1st Dist.] 1993, no pet)).
 Other factors courts have considered
include the following: (1) the nature of the location at which the accused was
arrested; (2) the quantity of contraband in the accused’s possession; (3) the
manner of packaging; (4) the presence or lack thereof of drug paraphernalia
(for either use or sale); (5) the accused’s possession of large amounts of
cash; and (6) the accused’s status as a drug user.  Id.
at 325–26 (citing Lewis v. State, 664 S.W.2d 345, 349
(Tex. Crim. App. 1984); Williams v. State,
902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)).  An oral expression of intent is not required.  Moreno,
195 S.W.3d at 326.  “Intent can be inferred from the acts, words,
and conduct of the accused.”  Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995).

With these principles in
mind, we turn to appellant’s arguments and the evidence in the record.  

C.      Analysis

Appellant does not dispute
that he “possessed” the hydrocodone; rather, he contends that no evidence
showed that he had the intent to deliver it. 
To support his sufficiency challenge, appellant points out that the
State presented no evidence regarding a number of the factors listed
above.  

Generally, appellant
accurately cites the record.  Appellant’s
analysis, however, does not appropriately view the evidence in the light most
favorable to the verdict and improperly discounts evidence showing that he had
the intent to deliver the hydrocodone.  Appellant
also does not recognize that the number of factors present is not as important
as the logical force the factors have in establishing the elements of the
offense.  See Moreno,
195 S.W.3d at 326; see also Gilbert v.
State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).  

Appellant also relies on Officer
Lopez’s testimony regarding appellant’s oral statements at the motel.  Officer Lopez testified that appellant told
him that he was ill and had traveled from Alabama to Houston because it was a
cheaper place to fill his prescriptions. 
Appellant contends that this shows that he did not have the required
intent to deliver.  Again, appellant does
not recognize established legal precepts, namely, that the jury was entitled to
weigh and to resolve conflicts in the evidence and to draw reasonable inferences
from the evidence.  See Clayton, 235 S.W.3d at
778.  Also, when faced with conflicting
evidence, we “presume the trier of fact resolved any such conflict in favor of
the prosecution.”  See Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

Here, appellant’s written
statement showed that he possessed the hydrocodone with the intent to deliver
it to another.  In his statement,
appellant indicated that he was paid by Mann to travel to Texas to recruit
homeless people to obtain prescription medication, which he then shipped back
to Alabama for Mann.  

Appellant correctly points
out that established precedent requires that a defendant’s extrajudicial
confession be corroborated by other evidence tending to prove that the corpus
delicti of the crime occurred.  See Salazar v. State, 86 S.W.3d 640, 644
(Tex. Crim. App. 2002); Williams v. State,
958 S.W.2d 186, 190 (Tex. Crim. App. 1997).  In other words, evidence must be presented that
the crime occurred independent of a defendant’s confession.  See Salazar,
86 S.W.3d at 644; Williams, 958
S.W.2d at 190.  Importantly, the
corroborating evidence need not be independently sufficient to prove the
offense.  Rocha v. State, 16 S.W.3d 1, 4–5 (Tex. Crim. App. 2000).  Instead, the independent, corroborating
evidence need only “render the commission of the offense more probable than it
would be without the evidence.”  Williams, 958 S.W.2d 190 (quoting Chambers v. State, 866 S.W.2d 9, 15-16
(Tex. Crim. App. 1993); see also Rocha,
16 S.W.3d 1, 4–5.  

Here, intent to deliver is
part of the corpus delicti of the charged offense.  See Tex.
Health & Safety Code Ann. § 481.112(a),(f).  Appellant contends that his confession
indicating that he possessed the hydrocodone for the purpose of delivering it
to Mann was not corroborated; therefore, the evidence is insufficient to prove
beyond a reasonable doubt that he committed the charged offense.  

We are mindful that the corroborating
evidence need not be sufficient alone to prove that appellant harbored the
requisite intent to deliver; rather, the corroborating evidence need only make
this conclusion more probable than it would be without such evidence.  See Williams,
958 S.W.2d at 190.  A review of the
record reveals such corroborating evidence. 


At trial, the evidence
showed that the police first encountered appellant in his motel room.  Appellant admitted that he had traveled from
Alabama to Houston for the purpose of obtaining prescription medication.  Although appellant said that he was the only
occupant of the room, a number of other individuals were in the motel
room.  After appellant consented to a
search of the motel room, the police found 25 prescription bottles containing
pills scattered on the bed.  Fifteen of
the bottles indicated that the medication had been prescribed to appellant; the
other 10 bottles bore the names of other individuals.  The police also found two empty prescription
bottles.   

The package intercepted by
the postal service indicated that it was being mailed to appellant’s address in
Alabama with a return address bearing appellant’s name and the street address
of the Houston motel.  The package
contained approximately 860 pills, which was later determined to contain 488.4
grams of dihydrocodeinone, which is hydrocodone and acetaminophen.  Agent McClaid’s testimony indicated that the
pills in the package were not in prescription bottles but were loose in five smaller
packages packed inside the larger package. 
In addition to the package that was intercepted, Agent McClaid confirmed
that a package had been mailed to Chris Mann, with appellant’s name on the
return address.  We conclude that the
foregoing corroborating evidence made the determination that appellant had the
intent to deliver the hydrocodone more probable than it would be without such
evidence.  See Williams, 958 S.W.2d at 190.

When viewed in a light most
favorable to the verdict, given the corroborating evidence and appellant’s written
statement, the evidence is sufficient to support a rational jury’s finding,
beyond a reasonable doubt, that appellant possessed the hydrocodone with the
intent to deliver.  See id. (concluding that appellant’s confession and corroborating
evidence was legally sufficient to support jury’s finding of guilty in murder
case).  Accordingly, we hold that the
evidence is sufficient to support the judgment of conviction.

We overrule appellant’s sole
issue.

Void Sentence[3]

A sentence that is outside
the maximum or minimum range of punishment is unauthorized by law and therefore
illegal.  Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  As a result, a sentence outside the statutory
punishment range for an offense is void.  See Hern
v. State, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994).  If a sentence is void because it is below the
minimum sentencing range, an appellate court has no authority to reform the
judgment.  See Scott v. State, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st
Dist.] 1999, no pet.); cf. Tex. Code of Crim. Proc. Ann. art.
37.10 (permitting trial or appellate court to omit punishment when jury assesses
punishment that is both authorized by law and not authorized by law for the
offense).  A new punishment hearing is the
only remedy when the assessed punishment falls below the minimum required.  See Scott
v. State, 988 S.W.2d 947, 948 (Tex. App.—Houston [1st Dist.] 1999, no
pet.); see also Tex. Code Crim. Proc. Ann. art.
44.29(b).

The sentencing range for the
offense of possession of a controlled substance, such as hydrocodone, weighing
at least 400 grams, including adulterants or dilutants, is confinement for life
or for a term of 15 to 99 years, and a
fine not to exceed $250,000.  See Tex. Health & Safety Code
Ann. § 481.112(f).  Here,
the record shows that the trial court sentenced appellant to 30 years in prison
but did not impose a fine, as statutorily required.  Because appellant’s sentence did not include a
fine, the punishment assessed fell below that required, was not authorized by
law, and is therefore illegal and void.  See Scott, 988 S.W.2d at 948 (holding
that sentence, which did not including mandatory fine, was void in case in
which appellant was convicted of possession with intent to deliver at least 400
grams of cocaine); see also Mizell,
119 S.W.3d at 806; Hern, 892 S.W.2d at
896.  Accordingly, we hold that appellant
is entitled to a new sentencing hearing.  See Scott,
988 S.W.2d at 948.

Conclusion

We affirm the trial court’s
judgment with respect to appellant’s conviction, reverse the portion of the
judgment assessing punishment, and remand the case to the trial court for a new
sentencing hearing and assessment of punishment within the applicable
punishment range.  See Tex. R. App. P.
43.2(d); see also Tex. Code Crim. Proc. art. 44.29(b).

 

 

Laura Carter Higley

                                                                   Justice


 

Panel consists of
Justices Jennings, Higley, and Brown.

 

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Health & Safety Code Ann.
§§ 481.102(3), 481.112(a),(f) (Vernon 2010).

 





[2]           See
Tex. Health & Safety Code Ann.
§ 481.112(f) (requiring both confinement and fine be assessed in cases
involving possession with intent to deliver at least 400 grams of Penalty Group
1 controlled substance, which include hydrocodone).





[3]           Any court with jurisdiction may, on its own motion
and at any time, notice and take action upon a void or illegal sentence.  See
Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); Baker v. State, 278 S.W.3d 923, 926
(Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  For this reason, we may take action to correct
appellant’s sentence, even though neither party complains of it.  See
Mizell, 119 S.W.3d at 805.