In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-12-00479-CR

CHRISTOPHER LYNELAS COMO A/K/A CHRISTOPHER LYNEALS
COMO A/K/A CHRISTOPHER LYNEL COMO, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 07-01103**

## MEMORANDUM OPINION

Christopher Lynelas Como[1] appeals the trial court's revocation of his community supervision. Como presents four issues for review. Como's first two issues challenge the voluntariness of his plea. Como's third and fourth issues challenge the legality of the sentence Como received. We conclude that Como's issues asserting his plea was involuntary are untimely, and affirm the trial court's

---

[1] Christopher Lynelas Como is also known as Christopher Lyneals Como and Christopher Lynel Como.

judgment on his conviction. Nevertheless, we find that Como's sentence is outside of the statutory range, and therefore, void. We reverse the trial court's judgment on punishment and remand the case to the trial court with instructions to conduct a new punishment hearing.

## Background

Como was indicted for the offense of aggravated robbery. Pursuant to a plea-bargain agreement, Como pled guilty to the lesser included offense of robbery, enhanced by a plea of "true" to a prior conviction for felony possession of a controlled substance. The trial court found the evidence sufficient to find Como guilty of the lesser included offense of robbery and found the enhancement to be true, but deferred finding Como guilty, and placed him on community supervision for ten years and assessed a fine of $500. Subsequently, the State filed a motion to revoke Como's unadjudicated community supervision. Como pled "true" to two violations of the terms of his community supervision. The trial court found that Como violated the terms of the community supervision order, found Como guilty of the lesser included offense of robbery, revoked Como's community supervision, and imposed a sentence of eighty-five years of confinement.

## Admonishments and Voluntariness

In his first two issues, Como contends that he was improperly admonished and that the improper admonishment resulted in harm through the entry of an

involuntary plea. Specifically, Como argues that the trial court improperly admonished him concerning the applicable range of punishment for his offense. The State concedes error in the trial court's admonishments to Como but argues that Como cannot challenge the admonishments from his original plea on appeal from the revocation.

Our review of the trial court's order adjudicating guilt is ordinarily limited to whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 23 (West Supp. 2012). A defendant generally may not raise the issue of voluntariness of a plea on appeal from a plea-bargained, felony conviction, which was honored by the trial court. *See Cooper v. State*, 45 S.W.3d 77, 81-83 (Tex. Crim. App. 2001); *see also* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *Clark v. State*, 997 S.W.2d 365, 368 (Tex. App.—Dallas 1999, no pet.) (op. on reh'g); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b).

Como entered into a plea bargain agreement that the trial court honored. The appellate record contains a copy of the admonishments Como received prior to

entering his guilty plea. He was admonished in writing that if he was convicted, he could receive the range of punishment for a first-degree felony and the range would not be more than ninety-nine years or less than five years. At the plea hearing, the trial court explained to Como that he was facing a range of punishment of a minimum of fifteen years to ninety-nine years or life. Prior to entering his plea, Como advised the court that his attorney had sufficiently explained the admonishments to him, and that he read and signed the admonishments. Como also informed the trial court that he was entering the plea freely and voluntarily. In compliance with the plea agreement, the trial court placed Como on deferred adjudication community supervision. Como did not appeal the voluntariness of his plea after his original plea hearing. Because Como did not appeal the deferred adjudication order, we do not have jurisdiction to review the adequacy of the admonishments. *See Cooper*, 45 S.W.3d at 81-83; *Manuel*, 994 S.W.2d at 661-62. We overrule Como's first and second issue.

## Illegal Sentence

In his third and fourth issues, Como argues that the trial court imposed a sentence not authorized by statute. Como contends that his illegal sentence is void.

Como pled guilty to the lesser included offense of robbery, which the trial court enhanced with Como's plea of "true" to his prior conviction for possession of a controlled substance. Robbery is a second-degree felony, punishable by

4

incarceration for not more than twenty years, or less than two years, in addition to a fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 12.33, 29.02(b) (West 2011). Como's prior offense for possession of a controlled substance is a state jail felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a)-(b) (West 2010). Como challenges the legality of his sentence on the basis that the enhancement paragraph alleged a prior conviction for a state jail felony, which Como correctly argues the State could not properly use to enhance the range of punishment of his second-degree felony offense. *See* Tex. Penal Code Ann. § 12.42(b) (stating "if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the first degree."). Como received a sentence of eighty-five years confinement, which exceeds the twenty-year maximum authorized for a second-degree felony. *See id.* § 12.33(a).

Como acknowledges that other prior convictions were contained in the indictment, but notes that Como did not enter a plea of "true" to any other prior conviction. The State concedes that the trial court improperly used the state jail felony to enhance Como's sentence. The State contends that Como had multiple other convictions, including a burglary of a habitation, which could have been used for enhancement purposes to accomplish the intent of the parties at the time of the

5

plea. The State argues that Como was not harmed by the erroneous admonishments and that we should affirm the judgment. In support of this argument, the State relies on *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013).

In *Parrott*, the Court of Criminal Appeals held that an applicant must show harm to obtain relief in a habeas corpus premised on an illegal sentence claim. *Id*. at 533. The applicant raised an illegal sentence claim based on the State's improper use of a prior conviction for enhancement purposes. *Id*. The court denied relief because the applicant did not show harm when the habeas record established that the applicant was previously convicted of other offenses that supported the range of punishment within which he was admonished and sentenced. *Id*. In *Parrott*, the Court explained that "[t]he State's habeas evidence establishes that applicant had been previously convicted of three felonies, each of which could have properly been used to enhance the punishment range[.]" *Id*. at 534. The Court noted that "[t]he introduction of new evidence is a key distinguishing feature of habeas corpus[,]" which allows the parties an opportunity to support a claim with information obtained outside of the appellate record. *Id*. We cannot consider evidence that is not part of the record on appeal. *See Yarbrough v. State*, 57 S.W.3d 611, 616 (Tex. App.—Texarkana 2001, pet. ref'd). This appellate record is void of evidence establishing Como's other prior convictions that the State now

6

seeks to use to support its enhancement. We conclude *Parrott* is distinguishable and not persuasive.

To establish a prior conviction for sentence enhancement purposes, the State must prove beyond a reasonable doubt that the prior conviction exists and the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). When the State seeks to enhance a defendant's sentence for the primary offense by alleging he has a prior conviction and there is no indication in the record that the defendant pleaded "true," the trier of fact must decide whether the State met its burden by entering a finding that the enhancement allegation is either true or not true. *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008). Como did not plead "true" to any other prior conviction and the State did not put on any evidence to support any other prior conviction alleged in the indictment. We conclude the State failed to meet its burden of proof to enhance Como's range of punishment. Therefore, Como's eighty-five year sentence exceeds the maximum penalty allowed for a second-degree felony. *See* Tex. Penal Code Ann. § 12.33(a). A sentence outside the range applicable to the offense is void. *Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994). When reversible error occurs in the punishment phase of trial, the appellant is entitled only to a new hearing on punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2012).

After having concluded that Como's issues regarding the voluntariness of his plea are untimely, we affirm the trial court's judgment on his conviction. Concluding that Como's sentence is void, we reverse the trial court's judgment on punishment and remand the case to the trial court with instructions to conduct a new punishment hearing.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

_____
CHARLES KREGER
Justice

Submitted on May 22, 2013
Opinion Delivered June 26, 2013
Do not publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.