**In re James H. STONE, Sr.**

**No. 10–00–287–CV.**

Court of Appeals of Texas, Waco.

Sept. 20, 2000.

James H. Stone, Sr., Beaumont, pro se.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

A jury convicted James H. Stone, Sr. of aggravated robbery, a felony, and sentenced him to 99 years in prison. He contends that the trial court signed an order granting a new trial in 1997, but has not acted upon that order. Stone remains in prison. He requests that this Court grant his application for writ of mandamus and order the respondent to act on its previous order granting a new trial.

Once before, Stone asked this Court to do something we cannot do. In 1998, he

appealed the trial court's denial of his writ of habeas corpus on this same issue. Then, we told Stone that the avenue for relief from the trial court's denial of his application was through the Court of Criminal Appeals and not this Court. *Ex parte Stone*, No. 10–98–00017–CR (Tex. App.—Waco March 18, 1998, no pet. h.) (not designated for publication). At this time, we do not know whether Stone ever asked the Court of Criminal Appeals to review the habeas denial.

Again, we must tell Stone that we cannot grant the relief he requests. He has been convicted of a felony, and it is a final conviction. *Stone v. State*, 931 S.W.2d 394 (Tex.App.—Waco 1996, pet. ref'd). Only the Court of Criminal Appeals has jurisdiction to grant post conviction relief from an otherwise final felony conviction. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex.Crim.App.1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex.Crim.App. 1993). *See also Hern v. State*, 892 S.W.2d 894, 896 (Tex.Crim.App.1994). Article 11.07 provides the means to submit a post conviction challenge to the Court of Criminal Appeals. Tex.Code Crim. Proc. art. 11.07 (Vernon Supp.2000). Any action by this Court would be void and of no force and effect. *Id.* art. 11.07 § 5.

Because we do not have jurisdiction to act on Stone's mandamus, we deny the writ.