Fred Franklin Alexander v. James H. McCullough
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-017-CR

     FRED FRANKLIN ALEXANDER,
                                                                         Appellant
     v.

     JAMES H. McCULLOUGH,
                                                                         Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 01-12-16,342-CV
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Fred Franklin Alexander filed an “Affidavit” in which he asked the district court to withdraw
certain findings in prior postconviction habeas corpus orders and withdraw an order granting
probation from a 1980 conviction. The requests for withdrawal of findings and the order are
based on a claim of ineffective assistance of counsel and the filing of an allegedly false affidavit
by McCullough. The district court “dismissed” Alexander’s affidavit because “no cause of action
has been stated.” We dismiss for lack of jurisdiction.
      First we must determine whether Alexander brought a cause of action by his “Affidavit.” We
hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." 
Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); accord
Zuniga v. Zuniga, 13 S.W.3d 798, 803 (Tex. App.—San Antonio 1999, no pet.); In re Taylor, 28
S.W.3d 240, 246 (Tex. App.—Waco 2000, no pet.); Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App—Houston [1st Dist.] 1992, orig. proceeding). Thus, we review such pleadings "with patience
and liberality." Taylor, 28 S.W.3d at 246 (quoting Barnes, 832 S.W.2d at 426). Accordingly,
we construe Alexander’s affidavit as an application for writ of habeas corpus.



      We now determine whether this court has jurisdiction to hear an appeal of the denial of a
felony, postconviction application for writ of habeas corpus. A postconviction challenge to a final
felony conviction must be made under article 11.07 of the Code of Criminal Procedure. See id.
art. 11.07 (Vernon Supp. 2003); Ex Parte McCullough, 966 S.W.2d 529, 531 (Tex. Crim. App.
1998); Ex Parte Gibbons, 992 S.W.2d 707, 708 (Tex. App.—Waco 1999, pet. ref’d). Only the
Court of Criminal Appeals has jurisdiction to grant postconviction relief from an otherwise final
felony conviction. See Board of Pardons & Paroles v. Court of Appeals, 910 S.W.2d 481, 483
(Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 11.07 § 3(a) (Vernon Supp. 2003)
(“After final conviction in any felony case, the writ must be made returnable to the Court of
Criminal Appeals of Texas at Austin, Texas.”); In Re Stone, 26 S.W.3d 568, 569 (Tex.
App.—Waco 2000, no pet.). Any action by this Court would be void and of no force and effect. 
Id. Accordingly, we dismiss Alexander's appeal for want of jurisdiction.


                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed December 31, 2002
Do not publish
[CR25]