Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-11-00235-CR

**EX PARTE** Baniyah Gabriel **STARR**

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-7903B-W1
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:      Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  May 25, 2011

DISMISSED FOR WANT OF JURISDICTION

Appellant, proceeding pro se, filed a notice of appeal in this Court seeking to appeal the denial of his post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a final felony

conviction. Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding) (per curiam) (mem. op.). The courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (per curiam); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam); *In re Bingley*, No. 01-03-00705-CV, 2003 WL 21666554, at *1 (Tex. App.—Houston [1st Dist.] July 17, 2003, orig. proceeding) (per curiam) (mem. op.); *Stone*, 26 S.W.3d at 569.

On April 26, 2011, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant timely responded, but his response does not provide a basis upon which this Court may exercise jurisdiction over this appeal. Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH