## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


### NO. 02-15-00026-CR

OLIN RAY NOWLIN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 0628183D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Olin Ray Nowlin filed a pro se notice of appeal in this court seeking to appeal the trial court's denial of his "Request for Successive Petition." We dismiss his appeal for want of jurisdiction.

Appellant was convicted of sexual abuse of a child in 1998; he received a life sentence; he appealed his conviction to this court; and this court affirmed his conviction on March 18, 1999. *Nowlin v. State*, 02-98-00190-CR (Tex. App.—

---

[1]*See* Tex. R. App. P. 47.4.

Fort Worth Mar. 18, 1999, pet. ref'd) (mem. op., not designated for publication).

Appellant then filed post-conviction writs of habeas corpus in 2000, 2004, 2008, 2012, and 2014.[2]   Although Appellant does not identify his "Request for Successive Petition" as yet another writ of habeas corpus, procedurally we construe it to be a post-conviction writ of habeas corpus.  Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2014) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").  Appellant has not identified any other procedural vehicle available to him.[3]

Postconviction writs of habeas corpus are governed by article 11.07 of the Texas Code of Criminal Procedure.  *Id.* art. 11.07, §§ 1–7.  Under article 11.07, only the convicting trial court and the Texas Court of Criminal Appeals have jurisdiction to review the merits of a postconviction habeas corpus petition; the courts of appeals play no role in the statutory scheme.  *Id.* art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 863

---

[2]Respectively trial court cause numbers C-2-4746-0628183-A, C-2-007035-0628183-B, C-2-008606-0628183-C, C-2-009701-0628183-D, and C-2-010347-0628183-E.

[3]Although Appellant indicated in his notice of appeal that he was appealing his sentence, and although this Court in its letter to Appellant questioned whether he was attempting an out-of-time appeal, we do not construe his notice as an attempt at an out-of-time appeal of his 1998 conviction and sentence.  As noted earlier, Appellant timely appealed his 1998 conviction and sentence.  His notice of appeal in this case is within thirty days of the denial of his "Request for Successive Petition."

(1994); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding) (mem. op.). The courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

On February 6, 2015, we informed Appellant we lacked jurisdiction and instructed him to file a response showing grounds for continuing this appeal. Tex. R. App. P. 44.3. Appellant filed a motion to continue the appeal on February 25, 2015, and an "Appellant's Brief" on March 26, 2015. Both focus on Appellant's substantive arguments. Neither addresses our jurisdiction to entertain his substantive complaints. Accordingly, we dismiss his appeal for want of jurisdiction. Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, & MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2015

3