

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00067-CV

**IN THE MATTER OF S.O.W.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 1994-JUV-02115 W1
Honorable Laura Parker, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 19, 2017

DISMISSED FOR WANT OF JURISDICTION

Appellant was a juvenile who was certified to be tried as an adult for capital murder. *See* TEX. FAM. CODE ANN. § 54.02 (West 2014). Appellant was convicted of capital murder and sentenced to life imprisonment on November 12, 1996. Appellant appealed his conviction and this court affirmed the trial court's judgment in an opinion issued on May 20, 1998. *See Williams v. State*, 974 S.W.2d 324 (Tex. App.—San Antonio 1998, pet. ref'd), *cert. denied*, 528 U.S. 908 (1999).

Appellant, proceeding pro se, seeks to appeal the trial court's denial of his post-conviction application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Only the Court of Criminal Appeals has authority to grant post-conviction release from confinement for persons with a final felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07,

§§ 3, 5; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, no pet.) (per curiam) (mem. op.). This Court has no jurisdiction over an appeal from the trial court's denial of a post-conviction petition for habeas corpus relief in a felony case. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, no pet.). While the procedures outlined in article 11.07 do not apply to dispositions in juvenile proceedings, here S.O.W.'s application for habeas corpus relief arises from his conviction in a criminal district court where he was certified to stand trial as an adult. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ex parte Lauderdale*, No. 04-17-00063-CV, 2017 WL 1161171, at *1 (Tex. App.—San Antonio Mar. 29, 2017, no pet.) (per curiam) (mem. op.). Criminal proceedings against a juvenile certified to stand trial as an adult are governed by the Code of Criminal Procedure, and post-conviction habeas proceedings are included. *See* TEX. FAM. CODE ANN. § 54.02(h) (West 2014); *Ex parte Lauderdale*, 2017 WL 1161171, at *1.

Accordingly, we ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction. Appellant did not respond. Therefore, the appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *see also Ex parte Lauderdale*, 2017 WL 1161171, at *1.

PER CURIAM