

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00085-CR

Jordan **NETHERLY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR11494
Honorable Melisa C. Skinner, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Rebeca C. Martinez, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: August 21, 2019

DISMISSED FOR WANT OF JURISDICTION

Appellant, proceeding pro se, seeks to appeal the trial court's denial of her post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the court of criminal appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 ("[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the

prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016) (mem. op., not designated for publication) (appeal dismissed for lack of jurisdiction). Therefore, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

DO NOT PUBISH