

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00078-CR

**EX PARTE** Juan Roberto **RODRIGUEZ**,
Appellant

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 1990CR1294-W9
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: April 1, 2020

DISMISSED FOR WANT OF JURISDICTION

On July 23, 1990, appellant was convicted of the felony offense of arson and sentenced to twenty-five years' imprisonment. By the instant appeal, Appellant, proceeding pro se, seeks to appeal from the trial court's order recommending dismissal of his ninth state post-conviction application for writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a). Because we do not have subject matter jurisdiction, we dismiss this appeal.

Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Texas Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any

other proceeding shall be void and of no force and effect in discharging the prisoner."). Only the court of criminal appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. *Id.* art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding) (mem. op.) (per curiam). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction).

On February 21, 2020, this court ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH