

# Fourth Court of Appeals
## San Antonio, Texas

July 26, 2022

No. 04-22-00414-CR

**EX PARTE** Alphonso **BOUTIRE**,

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR7766-W1
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

Appellant, proceeding pro se, seeks to appeal the denial of his post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction).

Accordingly, we ORDER appellant to show cause in writing on or before **August 10, 2022** why this appeal should not be dismissed for lack of jurisdiction. All appellate deadlines are suspended pending further order of this Court.

_Irene Rios_
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of July, 2022.

MICHAEL A. CRUZ, Clerk of Court