

# Fourth Court of Appeals
## San Antonio, Texas

August 12, 2022

No. 04-22-00501-CR

Domingo **TAMAYO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0676-W4
Honorable Jefferson Moore, Judge Presiding

# O R D E R

Appellant, proceeding pro se, seeks to appeal the dismissal of his post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016) (mem. op., not designated for publication) (appeal dismissed for lack of jurisdiction).

Accordingly, we **ORDER** appellant to show cause in writing **by August 29, 2022** why this appeal should not be dismissed for want of jurisdiction.

_____
Beth Watkins, Justice

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of August, 2022.

_____
Michael A. Cruz,
Clerk of Court