Fourth Court of Appeals
San Antonio, Texas



October 6, 2022

No. 04-22-00636-CR

**EX PARTE** Stephen Wayne **RICHARDSON**

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-10629
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

# O R D E R

On June 11, 2012, appellant Stephen Wayne Richardson was convicted of manslaughter, a second-degree felony. *See* TEX. PEN. CODE ANN. § 19.04; *Richardson v. State*, No. 04-12-00379-CV, 2013 WL 5653400, at *1 (Tex. App.—San Antonio Oct. 16, 2013, no pet.) (mem. op., not designated for publication). Appellant timely appealed the trial court's judgment, and we affirmed his conviction in 2013. *See Richardson*, 2013 WL 5653400, at *1–3. Appellant's conviction is final. *See In re Richardson*, No. 04-22-00065-CR, 2022 WL 465405, at *1 (Tex. App.—San Antonio Feb. 16, 2022, orig. proceeding) (mem. op., not designated for publication).

On September 26, 2022, appellant filed a "Motion for Appeal" that appears to challenge "the State's response to Applicant's[/]Relator's Petition for Applicant's for Habeas Corpus (No Indictment & No 180 day Trial)." The clerk's record, which was filed on October 4, 2022, contains the judgment of conviction signed on June 11, 2012, but it does not contain any other judgments. The record also does not contain a document entitled "Applicant's[/]Relator's Petition for Applicant's for Habeas Corpus (No Indictment & No 180 day Trial)" or any response to or ruling on such a document.

In general, we have jurisdiction to consider an appeal in a criminal case only when the trial court has signed a judgment of conviction or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). A defendant's notice of appeal must be filed within thirty days after an appealable order has been signed when a motion for new trial has not been filed, or within ninety days if a motion for new trial has been filed. TEX. R. APP. P. 26.2. Additionally, under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony

conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016) (mem. op., not designated for publication) (appeal dismissed for lack of jurisdiction).

Here, the record does not appear to contain an appealable order for which appellant may timely file a notice of appeal in this court. We therefore **ORDER** appellant to file a response showing why this appeal should not be dismissed for want of jurisdiction **by November 7, 2022**. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the district clerk to prepare one and notify this court that such a request was made **by November 7, 2022**. All other deadlines in this matter are suspended until further order of the court.

We **ORDER** the clerk of this court to serve a copy of this order on the trial court, all counsel, appellant, and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of October, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court