

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00636-CR

**EX PARTE** Stephen Wayne **RICHARDSON**

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-10629
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: November 9, 2022

DISMISSED FOR WANT OF JURISDICTION

On June 11, 2012, appellant Stephen Wayne Richardson was convicted of manslaughter, a second-degree felony. *See* TEX. PEN. CODE ANN. § 19.04; *Richardson v. State*, No. 04-12-00379-CV, 2013 WL 5653400, at *1 (Tex. App.—San Antonio Oct. 16, 2013, no pet.) (mem. op., not designated for publication). Appellant timely appealed the trial court's judgment, and we affirmed his conviction in 2013. *See Richardson*, 2013 WL 5653400, at *1–3. Appellant's conviction is final. *See In re Richardson*, No. 04-22-00065-CR, 2022 WL 465405, at *1 (Tex. App.—San Antonio Feb. 16, 2022, orig. proceeding) (mem. op., not designated for publication).

On September 26, 2022, appellant filed a pro se "Motion for Appeal" that appears to challenge "the State's response to Applicant's[/]Relator's Petition for Applicant's for Habeas Corpus (No Indictment & No 180 day Trial)." The clerk's record, which was filed on October 4,

2022, contains the judgment of conviction signed on June 11, 2012, but it does not contain any other judgments. The record also does not contain a document entitled "Applicant's[/]Relator's Petition for Applicant's for Habeas Corpus (No Indictment & No 180 day Trial)" or any response to or ruling on such a document.

In general, we have jurisdiction to consider an appeal in a criminal case only when the trial court has signed a judgment of conviction or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2); *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). A defendant's notice of appeal must be filed within thirty days after an appealable order has been signed when a motion for new trial has not been filed, or within ninety days if a motion for new trial has been filed. TEX. R. APP. P. 26.2. Additionally, under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Texas Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Texas Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016) (mem. op., not designated for publication) (appeal dismissed for lack of jurisdiction).

On October 6, 2022, we issued an order explaining that the clerk's record did not appear to contain an appealable order for which appellant may timely file a notice of appeal in this court. We therefore ordered appellant to file a response showing why this appeal should not be dismissed for want of jurisdiction by November 7, 2022. In our order, we stated that if appellant failed to satisfactorily respond within the time provided, we would dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(c).

On October 28, 2022, appellant's appointed counsel filed a letter stating that he had reviewed the record and "cannot locate any appealable order for which Appellant may timely file a notice of appeal in this court." We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH