

# Fourth Court of Appeals
## San Antonio, Texas

January 17, 2023

No. 04-22-00864-CR

**EX PARTE** Julian **BAZAN**

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR1157-W2
Honorable Frank J. Castro, Judge Presiding

# O R D E R

Appellant, proceeding pro se, seeks to appeal the denial of his post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction).

Accordingly, we ORDER appellant to show cause in writing on or before **February 1, 2023** why this appeal should not be dismissed for lack of jurisdiction. All appellate deadlines are suspended pending further order of this Court.

It is so **ORDERED** January 17, 2023.

**PER CURIAM**

ATTESTED TO: _____
              MICHAEL A. CRUZ,
              CLERK OF THE COURT