

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00864-CR

**EX PARTE** Julian **BAZAN**

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR1157-W2
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: February 1, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant seeks to appeal the trial court's order recommending the Court of Criminal Appeals deny his post-conviction application for writ of habeas corpus filed pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3. Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a felony post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. *Id.* art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d

694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *Ex parte Boutire*, No. 04-22-00414-CR, 2022 WL 3639514, at *1 (Tex. App.—San Antonio Aug. 24, 2022) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction).

Accordingly, on January 17, 2023, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. In his response, appellant concedes we do not have jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH