

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00379-CR

Domingo **TAMAYO**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0676-W5
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:     Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice

Delivered and Filed: October 30, 2024

DISMISSED FOR LACK OF JURISDICTION

Appellant seeks to appeal the dismissal of his post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id*. art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."). Only

the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. TEX. CODE CRIM. PROC. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction).

Accordingly, on October 2, 2024, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH