

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00188-CR

**EX PARTE** Arturo **NORIEGA**,

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4087-W3
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice

Delivered and Filed: April 9, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant, proceeding *pro se*, seeks to appeal the denial of his post-conviction application for writ of habeas corpus filed pursuant to article 11.07. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(a). Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *Id.* art. 11.07, § 5 (providing "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Only the Court of Criminal Appeals has jurisdiction to grant post-conviction release from confinement for persons with a felony conviction. *Id.* art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex.

Crim. App. 1993); *In re Stone*, 26 S.W.3d 568, 569 (Tex. App.—Waco 2000, orig. proceeding). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *Ex parte Ngo*, No. 02-16-00425-CR, 2016 WL 7405836, at *1 (Tex. App.—Fort Worth Dec. 22, 2016) (mem. op., not designated for publication) (appeal dismissed for lack of jurisdiction).

Because it appears we lack jurisdiction, on March 28, 2025, we ordered appellant to show cause in writing why this appeal should not be dismissed. Appellant's counsel filed a timely response representing that "[a]fter research[ing] the law regarding jurisdiction and reviewing the record filed in this case . . . [appellant's counsel] cannot show cause for this [court] to retain jurisdiction in this matter." Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do Not Publish